{¶ 52} While I agree with this Court's finding that appellant properly waived his right to counsel, I do not agree with the finding that the letter appellant filed with the trial court on June 3, 2002, constituted a valid written waiver within the context of Crim.R. 44(C). While the preferred practice to follow when a defendant is waiving his or her right to counsel in a serious offense case such as the present matter would be to have a defendant execute a written waiver pursuant to Crim.R. 44, the failure to obtain a written waiver in this case was harmless error, if the trial court made a sufficient inquiry to determine whether appellant fully understood and intelligently relinquished his right to be represented by counsel. State v. Martin, 103 Ohio St.3d 385,2004-Ohio-5471, at ¶ 39.
 {¶ 53} In the instant matter, I do not believe that Appellant's letter can be construed as a written waiver. Appellant authored the letter prior to any colloquy with the trial court. Accordingly, the letter cannot be said to be a valid waiver of Appellant's right to counsel. Id. at ¶ 41. Further, Appellant's in-court statements that he did not wish to proceed without a lawyer, but wished to proceed as the lead counsel with an attorney still representing him makes the letter ambiguous. Based upon the facts presented, I would proceed forward to the analysis laid out supra at ¶¶ 7-9.
 {¶ 54} In the present matter, appellant admitted that he understood that he had the right to counsel. He further admitted that he understood that he would be bound by the same rules of evidence as attorneys if he opted to represent himself, and that the trial court advised him of the charges against him and the possible penalties for those charges. The record further indicates that the trial court repeatedly warned appellant against self representation, and even appointed stand-by counsel, who was present and available during the entire proceeding, in the event appellant changed his mind. The record is replete with evidence that appellant understood trial procedure. During the trial, appellant made opening and closing statements, presented testimony on his own behalf, and cross-examined the State's witnesses.
 {¶ 55} After reviewing the record, I would find that appellant validly waived his right to counsel. The trial court sufficiently explained the dangers of self-representation, the nature of the charges against appellant, and the allowable penalties for those charges. Appellant understood that the court had appointed stand-by counsel, available to assist him during the proceedings, yet he still opted to represent himself. Considering the totality of the circumstances, I would find that appellant voluntarily, knowingly, and intelligently waived his right to counsel.